NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILMA BERSACH YANES CHACON (Next Friend), on behalf of her husband Pedro Antonio Colmenares Cordero,<br><br>      Petitioner,<br><br>      v.<br><br>WARDEN, DELANEY HALL ICE DETENTION CENTER,<br><br>      Respondent. | No. 26cv1712 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by Wilma Bersachi Yanes Chacon as a "next friend" for her husband Petitioner Pedro Antonio Colmenares Cordero, an immigration detainee confined in the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). D.E. 1 ("Petition" or "Pet.") ¶ 11.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Court will **ADMINISTRATIVELY TERMINATE** this matter.

**I.    BACKGROUND**

On February 17, 2026, Chacon, Petitioner's wife, submitted the Petition on Petitioner's behalf. Pet. ¶ 1. Chacon seeks Petitioner's immediate release or a bond hearing on the basis that: (1) he is a citizen of Venezuela who entered the United States at an official port of entry on January

10, 2023; (2) he was issued a Notice to Appear and placed in removal proceedings; (3) he has a pending asylum application and no final order of removal; (4) he was arrested by the U.S. Immigration and Customs Enforcement ("ICE") on February 15, 2026, and remains in ICE custody at Delaney Hall; (5) he has a medical condition that requires monitoring and follow-up care; and (6) he has family and community ties and no criminal history.  Pet. ¶¶ 1-9.

## II.    JURISDICTION

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3) to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

## III.    DISCUSSION

Chacon seeks to file the Petition on Petitioner's behalf.   Pursuant to 28 U.S.C. § 2242, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  *See also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury or by a person authorized to sign it under § 2242). "'[N]ext friend' standing . . . has long been an accepted basis for jurisdiction in certain circumstances."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  "Most frequently, 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

To qualify for next friend status, the third person must satisfy two requirements.  "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action."  *Id.* at 163 (citation modified).  "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested

2

that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64 (citation modified). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

Chacon—although she asserts that she is Petitioner's wife, has not explained why Petitioner is unable to file a petition on his own behalf—nor has she provided an affidavit to satisfy her burden of showing that she is dedicated to serving Petitioner's best interests. *See generally* Pet. Moreover, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Therefore, the Court will administratively terminate this matter, subject to reopening if Chacon obtains counsel and submits an appropriate affidavit in support of "next friend" standing or if Petitioner files a *pro se* habeas petition.[1]   *See e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for Petitioner to cure defects in next friend application).

## IV.     CONCLUSION

For the reasons explained above,

**IT IS** on this **25th** day of February 2026,

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter; and it is further

**ORDERED** that Petitioner may reopen this matter by submitting (and signing) his own

---

[1] The United States Department of Justice administers a list of pro bono legal services for individuals in immigration proceedings. *See* U.S. Dep't of Just., Exec. Off. for Immigr. Rev., List of Pro Bono Legal Service Providers, https://www.justice.gov/eoir/file/probonofulllist/download. Petitioner and Chacon may reference the list for assistance in seeking counsel.

habeas petition; alternatively, Chacon may seek to serve as next friend upon obtaining counsel and filing an amended petition; and it is further

**ORDERED** that if Chacon reopens this matter, she shall provide the Court with additional information concerning Petitioner's medical condition that requires monitoring and follow-up care, and whether she has knowledge as to the care or treatment Petitioner is receiving in Delaney Hall; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order and the accompanying opinion, and a form "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" to Petitioner at Delaney Hall Detention Facility in Newark, New Jersey, and to Wilma Bersachi Yanes Chacon, 451 Doremus Ave., Newark, NJ 07105.

**/s/ Evelyn Padin, U.S.D.J.**

Evelyn Padin, U.S.D.J.

4