<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PEDRO ANTONIO COLMENARES CORDERO, <br><br>     Petitioner, <br><br>     v. <br><br> WARDEN, DELANEY HALL DETENTION CENTER, <br><br>     Respondent. | No. 26cv1712 (EP) <br><br> **OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on *pro se* Petitioner Pedro Antonio Colmenares Cordero's Amended Petition for Writ of Habeas Corpus.  D.E. 3 ("Amended Petition" or "Am. Pet.").  Petitioner seeks release from alleged unlawful detention by immigration authorities.  *Id.* at 1-2.  Respondent filed an answer in opposition to the Petition.  D.E. 9 ("Answer").  The Court, having reviewed all pleadings, motions, and supporting documents, and having determined that oral argument is not needed, *see* Fed. R. Civ. P. 78(b), L. Civ. R. 78.1(b), finds that Petitioner is unlawfully detained and entitled to release.

## I.    BACKGROUND

Petitioner, a citizen of Venezuela, entered the United States through an official port of entry on January 10, 2023.  Am. Pet. ¶¶ 3-4; Answer at 2; D.E. 9-1, Ex. A ("Form I-213") at 2.  Upon entry, Petitioner requested asylum and was placed in removal proceedings.  Am. Pet. ¶ 5; Form I-213 at 2.  On February 15, 2026, he was taken into ICE custody.  *Id.* ¶ 8; Form I-213 at 2.  Petitioner requires post-surgical follow-up medical care.  Am. Pet. ¶¶ 9-12.  According to ICE, Petitioner is detained without bond under 8 U.S.C. § 1225(b)(2), pursuant to *Matter of Yajure Hurtado*, 29 I&N

Dec. 215 (BIA 2025). Answer at 2. ICE does not dispute that Petitioner lacks a criminal history in the United States. *Id.*

## II.    DISCUSSION

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence." *Walker v. Johnston*, 312 U.S. 275, 286 (1941). District courts also have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and the ability to grant equitable relief in the absence of an exclusive statutory review scheme. *See Semper v. Gomez*, 747 F.3d 229, 235 n.2 & 242 (3d Cir. 2014).

### B.    Petitioner Is Unlawfully Detained in Violation of his Fifth Amendment Right to Due Process

Petitioner submits that his civil detention without adequate individualized review of whether he poses a flight risk or danger to the community violates his Fifth Amendment right to due process. Am. Pet. ¶¶ 12-17. To the contrary, Respondent contends that Petitioner is lawfully detained under § 1225(b)(2) because he entered the country without inspection or parole and was initially detained by immigration authorities in the interior of the country without having been lawfully admitted, which makes him an "applicant for admission" under the statute, who is not entitled to a bond hearing. Answer at 2. However, Respondents acknowledges that the Answer (in which they assert that argument) relies on the same statutory interpretation arguments made

2

and rejected by prior § 1225(b)(2) matters in this District and further acknowledge that the Amended Petition asserts facts materially similar to those prior cases. Answer at 1 n. 1. Therefore, for the same reasons stated by this Court in *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025), and similar decisions in this District, including but not limited to *Zumba v. Bondi*, No. 25-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025), the Court holds that Petitioner's mandatory detention under § 1225(b)(2) violates the statute as well as Petitioner's Fifth Amendment right to due process.

Petitioner seeks traditional habeas relief of release from custody. Am. Pet. at 2-3. Respondents argue that a bond hearing is the only proper remedy. Answer at 3. Under the circumstances present here, where no initial determination was made, and there is no evidence to suggest that Petitioner presents a flight risk or danger to the community to justify his civil detention, the Court finds that release is a proper habeas remedy. *See, e.g.*, *Lliguicota v. Cabezas*, No. 25-17216, 2025 WL 3496300, at *2 (D.N.J. Dec. 5, 2025) (ordering immediate release where the "record contain[ed] no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents ha[d] not identified any basis under § 1226(a) that could support Petitioner's continued detention"); *Lopez v. Benitez*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("[G]iven the nature of the constitutional violation Mr. Lopez Benitez sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment *before* detaining him—any post-deprivation review by an immigration judge would be inadequate."); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."). Accordingly, the Court will order Petitioner released.

## III.    CONCLUSION

For the reasons explained above, Petitioner is unlawfully detained under § 1225(b)(2)(A), and his constitutional right to due process requires his release from this unlawful detention.  The Court will accordingly **GRANT** his Amended Petition.  Respondent shall release Petitioner by 5:00 p.m. on March 20, 2026.  Respondent shall, within 3 days of his release, file a status report indicating compliance with this directive.  If ICE subsequently arrests Petitioner by warrant under 8 U.S.C. § 1226(a), they must make the initial flight risk or danger to the community determination under 8 C.F.R. § 236.1(c)(8) and afford him a bond hearing pursuant to 8 C.F.R. § 236.1(d).

An appropriate Order follows.


Dated: March 19, 2026

Evelyn Padin, U.S.D.J.

4